UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JACQUEL SEARLES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV421-279 |
| | ) | CR416-267 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Jacquel Searles pleaded guilty to one count of possession of a firearm by a convicted felon. Doc. 29 at 1.[1] He was sentenced on April 27, 2017 to 188 months of incarceration and three years of supervised release. *Id.* at 2-3. He appealed his conviction. *See* doc. 30. On October 19, 2017, the Court of Appeals affirmed his conviction. *See* doc. 42. His current motion, pursuant to 28 U.S.C. § 2255, seeks to vacate, set aside, or correct his sentence. Doc. 50. He also requests appointed counsel. Doc. 51. His Motion to Appoint Counsel is **DENIED**. Doc. 51. As

---

[1] Unless otherwise noted, all citations are to the criminal docket in CR416-267.

explained below, preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, shows that his motion should be **DENIED**. Doc. 50.

## ANALYSIS

### I. Appointment of Counsel

There is no constitutional right to counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (there is no constitutional right to counsel when collaterally attacking a conviction or sentence); *Barbour v. Haley*, 471 F.3d 1222, 1227-32 (11th Cir. 2006) (even defendants sentenced to death do not enjoy a constitutional right to post-conviction counsel). The Court *may* appoint counsel, pursuant to 18 U.S.C. § 3006A(a)(2)(B), for indigent movants seeking § 2255 relief, at the Court's discretion. *See id.* ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28."). Appointment of counsel is appropriate only in "exceptional circumstances," *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992), where appointment is "necessary to due process." *Norris v. Wainwright*, 588 F.2d 130, 133 (5th

Cir. 1979) (citations omitted); DONALD E. WILKES, JR., *Federal Postconviction Remedies & Relief* § 2.2 (July 2020) ("Except in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," counsel need not be appointed). This case does not present any such circumstances.

The Rules Governing Section 2255 Proceedings provide that counsel must be appointed if an evidentiary hearing is needed or if certain discovery is required, provided that the movant qualifies under 18 U.S.C. § 3006A(g). Rules 6(a), 8(c). Since, as explained below, his motion should be denied, no evidentiary hearing is necessary. Accordingly, his request for appointment of counsel is **DENIED.** Doc. 51.

II.  **Section 2255 Motion**

Saerles' Motion states three grounds for relief. First, he asserts "[a]ctual [i]nnocence." Doc. 50 at 4. He asserts that he pleaded guilty based on his counsel's advice that "his previous felonies would not form the basis of ACCA enhancement . . . ." *Id.* He argues that two prior convictions should properly "constitute as a singular conviction . . . ." *Id.* Second, he asserts that his counsel rendered ineffective assistance based on his advice that Searles plead guilty. *Id.* at 5. Finally, he contends

3

that his guilty plea was not knowing and voluntary because he assumed that his prior offenses would not subject him to an enhanced sentence. *Id.* at 7.

Defendant's motion is untimely. A motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 must be filed within one-year of either:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Judgment was entered against defendant on April 27, 2017. Doc. 29 at 1. Because he filed a direct appeal, his one-year statute of limitations runs from ninety days after the Court of Appeals affirmed his sentence. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) ("[W]hen a prisoner does not petition [the United States Supreme Court] for certiorari, his conviction does not become 'final' for purposes of § 2255(1) until the expiration of the 90-day period

4

for seeking certiorari."). The ninety-day period to seek certiorari starts when the Court of Appeals issues its judgment. U.S. Sup. Ct. R. 13; *see also Clay v. United States*, 537 U.S. 522, 524-25 (2003). Here, the Eleventh Circuit affirmed Searles' conviction on October 19, 2017. *See* doc. 42. His conviction became final, therefore, ninety days later on January 17, 2018. Searles did not file his § 2255 motion until September 24, 2021,[2] more than two years too late. *See* doc. 50 at 12.

Searles concedes that "his 28 U.S.C. 2255 motion may be untimely." Doc. 50 at 13. He contends that "actual innocence exception to statute of limitations would apply in this case." *Id.* (citing *McQuiggin v. Perkins*, 569 U.S. 383 (2013)). "[A] showing of actual innocence provides an exception to the time-bar under AEDPA." *Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019) (citing *McQuiggin*, 569 U.S. at 386). However, "tenable actual-innocence claims are rare[,]" and require a petitioner to satisfy "the threshold requirement . . . that, in light of . .

---

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009). "Absent evidence to the contrary in the form of prison logs or other records, [courts] will assume that [a prisoner's filing] was delivered to prison authorities the day he signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

5

.new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386. More succinctly, " 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). However, courts in this Circuit "do not 'extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence.'" *United States v. Torres*, 2022 WL 894545, at *4 (11th Cir. Mar. 28, 2022) (quoting *McKay v. United States*, 657 F.3d 1190, 1199 (11th Cir. 2011). Searles, like the petitioner in *McKay*, "makes no claim of *factual* innocence of the predicate offense[,]" *id.*, just that the predicate offense was improperly considered for sentence-enhancement purposes, *see* doc. 50 at 4, 13. Since Searles does not assert "actual innocence," it cannot serve as a basis to excuse the untimeliness of his motion.

Although Searles does not explicitly argue that he is entitled to equitable tolling, beyond his assertion of actual innocence, he does identify circumstances that might implicate such a claim. In rare circumstances, the statute of limitations "can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are

6

both beyond his control and unavoidable even with diligence," *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)); *Outler*, 485 F.3d at 1280 ("Equitable tolling is an extraordinary remedy and is applied sparingly."). "The movant bears the burden of establishing his entitlement to equitable tolling." *Lanier v. United States*, 769 F. App'x 847, 850 (11th Cir. 2019) (citing *Outler*, 485 F.3d at 1280).

Searles alleges that he "has written clerks of courts, [p]ublic [d]efenders office and Judge [sic] for appointment of counsel for help on [m]otions, but has never received any responses back; [t]his too was in a timely manner. The defendant was never in a stable [f]acility to have any access to [l]egal help or [l]aw [l]ibrary." Doc. 50 at 11. Even charitably construed as an alternative argument for equitable tolling, Searles' has not shown his entitlement. Even assuming that informal requests for legal assistance supported Searles' diligence, he does not allege any extraordinary circumstance. Failure of any party to provide him with legal assistance is not an "extraordinary circumstance," because, as explained above, Searles has no right to representation. *See, e.g., Miller v. Florida*, 307 F. App'x 366, 368 (11th Cir. 2009) ("Neither

was tolling justified by an inability to obtain appointed counsel.")[3]; *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) ("Claims that a petitioner did not have professional legal assistance are not an extraordinary circumstance which would toll the statute of limitations." (citations omitted)). As to his allegations concerning the "stability" of his placement or his access to a law library, "the Eleventh Circuit has routinely held that periods of detention or transfers between housing facilities are not extraordinary circumstances where equitable tolling is appropriate." *Wallace v. United States*, 2016 WL 2962217, at *3 (S.D. Ga. May 20, 2016) (citing *Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004); *Paulcin v. McDonough*, 259 F. App'x 211, 211 (11th Cir. 2007)). Accordingly, Searles has not borne his burden to establish entitlement to equitable tolling.

In summary, Searles' Motion is untimely under 28 U.S.C. § 2255(f)(1). He does not assert, and the Court cannot discern, any fact that would provide a later triggering date for the one-year statute of limitations under any other subsection of § 2255(f). Accordingly, his

---

[3] Although *Miller* considered equitable tolling in the context of 28 U.S.C. § 2244(d)(1), "cases interpreting the equitable tolling of the statute of limitations in 28 U.S.C. § 2244 are equally valid in § 2255 cases." *Jones v. United States*, 304 F.3d 1035, 1037 n. 4 (11th Cir. 2002) (internal quotation marks and citation omitted).

Motion is untimely. His contention that the untimeliness should be excused based on his actual innocence is meritless. Finally, he has not shown any other basis for equitable tolling. Accordingly, his Motion should be **DENIED** as untimely. Doc. 50.

## CONCLUSION

Thus, Searles' motion should be **DENIED**, doc. 50, and that civil action CV421-279 should be **DISMISSED** in its entirety. His Motion to Appoint Counsel is **DENIED**. Doc. 51. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all

parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 18th day of July, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA